145 Pa. Commonwealth Ct. 177 (1992)
602 A.2d 505
Daniel W. REITMEYER, Jr., Petitioner,
v.
UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.
Commonwealth Court of Pennsylvania.
Submitted on Briefs August 31, 1990.
Decided January 23, 1992.
*178 Leonard V. Tenaglia, for petitioner.
No appearance for respondent.
*179 John S. Carnes, Jr., for intervenor, West Chester Area School Dist.
Before DOYLE and BYER, JJ., and BARRY, Senior Judge.
BYER, Judge.
Daniel W. Reitmeyer, Jr., appeals from the Unemployment Compensation Board of Review's (UCBR) order affirming the referee's denial of benefits for willful misconduct pursuant to section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex.Sess., P.L. 2897, as amended, 43 P.S. § 802(e).[1] We affirm.
Reitmeyer worked as a sixth grade science teacher and athletic director at Pierce Middle School, West Chester Area School District. During the school term, Reitmeyer copied and distributed to a co-worker two copies of a racist "joke sheet" which he allegedly found in his brief case. Reitmeyer claimed that he read two or three of the "jokes" on the sheet but did not discover that they were in the nature of vicious, racist statements against people of African descent until later that evening, at which time he destroyed it. However, the sheet found its way to other members of the faculty, several of whom expressed their concerns to the superintendent of the school district. As word of the incident spread, members of the community demanded that the school board take action. After investigating the matter, the school board dismissed Reitmeyer.
The Office of Employment Security denied Reitmeyer's request for unemployment benefits on the basis that he was dismissed for willful misconduct. Reitmeyer appealed and the referee affirmed the denial of benefits concluding that the act of distributing the "hate sheet" exhibited a blatant *180 disregard of the standards which the employer had a right to expect of its employees. The UCBR affirmed.
Reitmeyer argues on appeal[2] that the UCBR erred in concluding that his actions rose to the level of willful misconduct because: (1) he did not disregard the standards which his employer rightfully expected, Brady v. Unemployment Compensation Board of Review, 118 Pa.Commonwealth Ct. 68, 71, 544 A.2d 1085, 1086 (1988); and (2) his actions were not sufficiently connected with his work so as to constitute willful misconduct, Gallagher v. Unemployment Compensation Board of Review, 36 Pa.Commonwealth Ct. 599, 388 A.2d 785 (1978).
The question of whether an employee's conduct rises to the level of willful misconduct, precluding such employee from unemployment compensation, is a question of law subject to our review. PMA Reinsurance Corp. v. Unemployment Compensation Board of Review, 126 Pa.Commonwealth Ct. 94, 558 A.2d 623 (1989).
Reitmeyer first asserts that he did not disregard the standards of behavior the school district had a right to expect because (1) joke sheets routinely are distributed among the faculty; and (2) he was unaware of the contents of the sheet at the time it was distributed.
At the evidentiary hearing, Reitmeyer testified that joke sheets are routinely distributed among the faculty. However, the UCBR did not credit Reitmeyer's testimony and did not find this as a fact. Questions of credibility and weight of the evidence are determined by the UCBR. Id. On careful review of the record, we conclude that the UCBR's affirmation of the referee's findings, or lack of findings, are supported by substantial evidence. 2 Pa.C.S. § 704.
*181 Reitmeyer next argues that he was unaware of the nature of the sheet because he had read only the first two or three "jokes" before distributing the two copies.[3] Again, the UCBR made no finding as to whether Reitmeyer was aware of the nature of the sheet but found as a fact that the sheet "contained vicious and scurrilous matters which are more appropriately dubbed `hate sheet' concerning members of the black race." Referee's decision at 1. The UCBR concluded that by distributing the sheet, Reitmeyer blatantly disregarded the standards of behavior the school district had a right to expect of its teachers.
A school district justifiably expects its teachers to conduct themselves in such a way as to command the respect and good will of the community. Horosko v. Mount Pleasant Township School District, 335 Pa. 369, 6 A.2d 866, cert. denied 308 U.S. 553, 60 S.Ct. 101, 84 L.Ed. 465 (1939). Further, section 1122 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, as amended, 24 P.S. § 11-1122, provides that a teacher may be dismissed for immorality, incompetency and intemperance.[4]
Whether Reitmeyer was aware of the content of the sheet makes no difference in this case. The nature of the sheet is apparent from the very first hateful statement. Reitmeyer's act of distributing the hate sheet at school was a horrible example for his students and did not command the respect and good will of the community. Balog v. McKeesport Area School District, 86 Pa.Commonwealth Ct. 132, 484 A.2d 198 (1984). Upon careful review of the record, we hold that the UCBR did not err in concluding *182 that Reitmeyer's actions blatantly disregarded the standards of behavior the school district had a right to expect.
Next, Reitmeyer argues that his actions were not connected with his work. He asserts that his situation is similar to that of the claimant in Gallagher v. Unemployment Compensation Board of Review, 36 Pa.Commonwealth Ct. 599, 388 A.2d 785 (1978). In Gallagher, the employer terminated an employee for calling the employer's girlfriend a "bitch" at the place of employment. Because the incident took place on the employee's day off and the girlfriend was not a patron, we held that his actions were not connected with his work and, therefore, did not rise to the level of willful misconduct. Because Reitmeyer's act also took place on the employer's premises as in Gallagher, he argues that Gallagher controls. We do not agree. Reitmeyer's act took place during the school term and consisted of distributing offensive racist material to a fellow worker, which in turn resulted in further dissemination within the school.[5] Reitmeyer's act of distributing the hate sheet was sufficiently connected with his employment.
Racism is an evil which a decent society cannot tolerate. The school district has a right to expect that its teachers will not engage in racist conduct of any type. Reitmeyer's conduct fell below legitimate standards to be expected of those who teach in the public schools. We affirm.

ORDER
We affirm the order of the Unemployment Compensation Board of Review.
This decision was reached and opinion adopted before the conclusion of Judge BYER's service.
NOTES
[1] Section 402(e) of the law, 43 P.S. § 802(e), provides that:

An employee shall be ineligible for compensation for any week 
* * * * * *
(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work ...
[2] Our scope of review is limited to a determination of whether findings of fact are supported by substantial evidence, whether an error of law was committed, or whether any of the claimant's constitutional rights have been violated. 2 Pa.C.S. § 704.
[3] N.T., 21. However, the sheet is in the record as employer's exhibit "A." We will not reproduce what obviously is the product of a disturbed mind, but we observe that it is impossible to read even the first of the so-called "jokes" without recognizing the racist nature of the document.
[4] The Pennsylvania Supreme Court has defined immorality as "[a] course of conduct as offends the morals of the community and is a bad example to the youth whose ideals a teacher is supposed to foster and to elevate." Horosko, 335 Pa. at 372, 6 A.2d at 868. See also Balog v. McKeesport Area School District, 86 Pa.Commonwealth Ct. 132, 484 A.2d 198 (1984).
[5] Judge Mencer, speaking for the unanimous panel, wrote that the holding in Gallagher "is, of course, limited to the facts we have before us...." Id. 36 Pa.Commonwealth Ct. at 603, 388 A.2d at 787 (footnote omitted).