633 A.2d 1259

Cindy A. WITKOWSKI, Petitioner,

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 17, 1993.

Decided Nov. 5, 1993.

452

Elizabeth A. Ensminger, for petitioner.

Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before PALLADINO and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Cindy A. Witkowski (Claimant) appeals from an order of the Unemployment Compensation Board of Review (UCBR) denying her petition for unemployment benefits. We affirm.

The facts as found by the UCBR are as follows. Presbyterian University Hospital (Employer) employed Claimant as a microfilm coordinator from July 1988 until March 25, 1992. On March 24, 1992, during the course of a conversation between Claimant, who is white, and two of Claimant's co-workers who are African–American, Claimant made the following remark in describing her own heavy work load: "Please excuse me, but they're working me like a nigger."[1] The next day, both of Claimant's co-workers filed incident reports with Employer. Employer suspended Claimant pending further investigation into the incident and subsequently discharged Claimant for inappropriate behavior regarding the racial slur.

[1] This Court abhors the use of racial slurs in its opinion. However, since use of this term is inextricably bound to the essence of this case, we have no choice but to quote Claimant.

Claimant applied for benefits which the Office of Employment Security (OES) granted. The referee affirmed the OES and Employer filed an appeal with the UCBR. The UCBR reviewed the record before the referee and reversed the grant of benefits citing Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e).[2] Claimant then appealed to this Court.[3]

 Claimant argues that: (1) the UCBR's Finding of Fact No. 7 is not supported by substantial evidence; and (2) the UCBR erred as a matter of law in determining that Claimant's conduct constituted willful misconduct as defined by this Court. Finding of Fact No. 7 states:

7. The claimant should have known that this type of behavior would lead to her immediate discharge.

Regardless of whether Claimant knew or should have known this type of behavior would lead to discharge, we must consider whether Claimant's conduct constituted willful misconduct as a matter of law. Whether an employee's conduct rises to the level of willful misconduct is a question of law subject to our review. *Luzerne v. Unemployment Compensation Board of Review,* 148 Pa.Commonwealth Ct. 473, 611 A.2d 1335 (1992). Willful misconduct is:

(1) The wanton and willful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employee, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional or substantial disregard for the employer's interests or the employee's duties and obligations.

2. This section provides that an employee shall be ineligible for compensation for any week in which his or her employment is due to willful misconduct connected with his work.

3. Our scope of review is limited to a determination of whether constitutional rights have been violated, whether an error of law has been committed and whether factual findings necessary to support the adjudication are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

*Metropolitan Edison v. Unemployment Compensation Board of Review,* 146 Pa.Commonwealth Ct. 648, 653, 606 A.2d 955, 957 (1992) (citing *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa.Commonwealth Ct. 90, 309 A.2d 165 (1973)).

Employer discharged Claimant after two co-workers filed complaints concerning the Claimant's racial statement. The UCBR concluded and submits to this Court that Claimant's conduct was an act of wanton disregard of Employer's interests and evidences a complete disregard of the standards of behavior which an employer has a right to expect from its employees. We agree.

This Court has recognized that words referencing nationality are offensive. *Perez v. Unemployment Compensation Board of Review,* 58 Pa.Commonwealth Ct. 282, 427 A.2d 763 (1981). This Court also recently held that an employer has a right to expect that its employees will not engage in racist conduct of *any type. Reitneyer v. Unemployment Compensation Board of Review,* 145 Pa.Commonwealth Ct. 177, 602 A.2d 505 (1992). In *Reitneyer,* the claimant, a grammar school teacher, copied and distributed to co-workers a sheet of racist jokes. The claimant claimed that he was unaware of the contents of the sheet at the time he distributed it. This Court decided that it made no difference whether the claimant was aware of the content of the sheets or not. We held that "Racism is an evil which a decent society cannot tolerate. The school district has a right to expect that its teachers will not engage in racist conduct of any type. Reitneyer's conduct fell below the legitimate standards to be expected of those who teach in public schools." *Id.* at 182, 602 A.2d at 508.

Likewise, Claimant's statement in this case was so offensive that it should have been obvious that its use was inimical to Employer's best interest, and in complete disregard of the standards of behavior which Employer has a right to expect from its employees. As such, we find that the UCBR committed no error of law in finding that Claimant's comment rose to the level of willful misconduct and, therefore, denying benefits.

Accordingly, we affirm.

## ORDER

AND NOW, this 5th day of November, 1993, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.