Patricia O. McCALL, Petitioner,

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
Respondent.

Commonwealth Court of Pennsylvania.

Argued June 8, 1998.

Decided Sept. 3, 1998.

Robert E. Pendergast, Pittsburgh, for petitioner.

Paul R. Jordan, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for respondent.

Before McGINLEY and SMITH, JJ., and NARICK, Senior Judge.

SMITH, Judge.

Patricia O. McCall (Claimant) petitions for review of an order of the Unemployment Compensation Board of Review (Board) that denied her claim for unemployment compensation benefits. Claimant questions whether certain statements she made during her employment constituted willful misconduct that disqualified her from receiving benefits or were reasonable statements made in a forum where open discussion was encouraged and Claimant's views were attacked. She also questions whether the Board's denial of benefits infringes upon her First Amendment right to free speech.

Claimant was employed as a bookkeeper at I.C.M. School of Business (Employer), where she was responsible for the acquisition and maintenance of Employer's SPOC contract (SPOC is a federally funded program administered by the City of Pittsburgh to train persons dependent on welfare). On April 28, 1997, Claimant and two other employees representing Employer met with the City's SPOC representative to discuss Employer's low placement rate of students who participated in the SPOC program. At this meeting the issue of poor student attendance was raised as one reason for the low placement rate. Claimant then questioned the SPOC

representative whether the SPOC program taught students certain moral values about bearing children out of wedlock. One of Claimant's co-workers then called Claimant a "Newt Gingrich." Claimant responded by stating: "[A]s a taxpayer, I strongly object to supporting whores on welfare." Finding of Fact No. 9.

Thereafter, the City informed Employer that it was considering ending the SPOC contract because Employer's placement rate was below projected goals and because of Claimant's comments at the meeting. On May 9, 1997, Employer terminated Claimant because her comments at the meeting violated its standards of acceptable behavior. The Board determined that Claimant's statements represented a disregard of Employer's interests and of the standards of behavior that an employer has a right to expect of an employee and therefore constituted willful misconduct in connection with her work under Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).[1] Concerning Claimant's speech rights, the Board concluded that Claimant's statements did not minimize her disregard for Employer's interests while she acted as Employer's representative.[2]

■ Claimant first argues that the Board's conclusion that her statements at the meeting constituted willful misconduct is not supported by substantial evidence, and thus Employer failed to meet its burden of proof on this issue. However, Claimant failed to raise this issue in her petition for review, and it is well established that this Court will not consider issues not raised in the petition for review. *Chene v. Workmen's Compensation Appeal Board (Giant Eagle, Inc.)*, 159 Pa. Cmwlth. 229, 632 A.2d 1058, 1060 (1993), *appeal denied*, 539 Pa. 639, 650 A.2d 53 (1994). Claimant also failed to raise this

---

1. Section 402(e) of the Law provides that an employee shall be ineligible for compensation for any week in which the employee's unemployment is due to discharge or temporary suspension from work for willful misconduct connected with the employee's work.

2. This Court's review is limited to a determination of whether the Board committed an error of law or constitutional violation and whether the Board's findings of fact are supported by substantial evidence of record. *Beverly Enterprises Inc. v. Unemployment Compensation Board of Review*, 702 A.2d 1148 (Pa.Cmwlth.1997).

argument in her statement of the questions in violation of Pa. R.A.P. 2116.

■ Claimant next argues that the Board erred in concluding that her statements at the meeting constituted willful misconduct. To determine whether the Board's conclusion is correct, the Court must look to the circumstances presented and determine if Claimant's statements were reasonable under those circumstances. *Rossi v. Unemployment Compensation Board of Review,* 544 Pa. 261, 676 A.2d 194 (1996); *Woodson v. Unemployment Compensation Board of Review,* 461 Pa. 439, 336 A.2d 867 (1975). Willful misconduct consists of, among other things, the disregard of the employer's interests and standards of behavior that an employer can rightfully expect from an employee. *Witkowski v. Unemployment Compensation Board of Review,* 159 Pa.Cmwlth. 451, 633 A.2d 1259 (1993).

■ Claimant argues that her statements were reasonable attempts to defend herself against what she perceived as an attack against her political views. Claimant initially inquired whether the SPOC program taught students that "it was wrong to have illegitimate children and to expect taxpayers to support them" when the subject of low student attendance was being discussed as a reason for the low placement rate. After Claimant's inquiry, the conversation shifted from or lost its original focus. Thus the record simply does not support Claimant's argument that she uttered the statements at issue after she determined that her political views were being attacked. She initiated the discussion about moral values, and the comments from others were in reply. The evidence, therefore, does not show that Claimant acted in self-defense.

■ To make a statement that is so offensive that it should be obvious to the utterer that it is inimical to an employer's best interests and in complete disregard of standards of behavior that an employer has a right to expect of employees constitutes willful misconduct. *Witkowski.* Claimant knew that the purpose of the meeting was to discuss Employer's below-projection placement rate of students. From this she could reasonably have concluded that a risk of losing the SPOC contract was posed to Employer from the beginning of the meeting and that statements which disparaged students whom the SPOC program was designed to assist could reasonably offend the SPOC representative and therefore potentially increase this risk to Employer. Claimant should have known that Employer had a direct pecuniary interest in retaining the SPOC contract, and for this reason, she should have known that any statement likely to jeopardize the SPOC contract was inimical to Employer's best interests.

Claimant argues that Employer did not discipline the co-worker who called her a "Newt Gingrich" and that Employer thus failed to demonstrate uniform enforcement of the standard of behavior to which it held Claimant. This argument presumes that the co-workers' remark was the equivalent of Claimant's remarks. However, the two employees' remarks are not equivalent because although Claimant's co-worker's remark was also disparaging, it disparaged a widely known elected official and not a group of individuals in whom Employer had a direct interest and thus was not likely to imperil Employer's interests as did Claimant's statements. Furthermore, in circumstances where an employee has uttered statements as an instinctive response to a particular incident which are otherwise offensive, this Court has held that sufficient provocation must have been present. *Arnold v. Unemployment Compensation Board of Review,* 703 A.2d 582 (Pa.Cmwlth.1997). This Court cannot agree that Claimant's statements were reasonably provoked in these circumstances.

Claimant next argues that the Board's denial of benefits infringed upon her constitutional right of free speech under the First Amendment and that the Board erred in failing to address this issue. It appears from the Board's order that it discussed the issue only briefly. Nevertheless, it has been established that denial of unemployment compensation benefits cannot be based on an individual's exercise of First Amendment rights absent a compelling state interest. *Frigm v. Unemployment Compensation Board of Review,* 164 Pa.Cmwlth. 282, 642 A.2d 629 (1994). Where, as here, a claimant was discharged by a private employer, the

Court must balance the claimant's interest in commenting upon a matter of public concern and the Commonwealth's interest in protecting the unemployment compensation fund by disqualifying those individuals whose unemployment is due to willful misconduct. *Frigm; Bala v. Unemployment Compensation Board of Review,* 42 Pa.Cmwlth. 487, 400 A.2d 1359 (1979).

■ Claimant argues that her statements were constitutionally protected because they concerned the political subjects of welfare reform and social security and occurred in the context of an open discussion of those subjects. Claimant's statements, in themselves, were essentially attacks on the moral character of the SPOC program students that had no known foundation or basis in fact. Because Claimant's initial statement disparaged a group of individuals whom the SPOC program was intended to assist, it offended both the SPOC representative from the City and Claimant's co-workers. What occurred here was not a free and open debate about subjects of welfare reform and social security but was simply a problem-solving discussion about the low placement rate of SPOC students that began productively but degenerated after Claimant uttered her initial derogatory statement. Consequently, the Court concludes that Claimant's statements were not entitled to First Amendment protection. Accordingly, the Board's order is affirmed by the Court.

### ORDER

AND NOW, this 3rd day of September, 1998, the order of the Unemployment Compensation Board of Review is affirmed.