Margaret Mazur, :
                Petitioner :
              :
         v. :
              :
Unemployment Compensation :
Board of Review, : No. 291 C.D. 2018
          Respondent : Submitted: July 27, 2018


BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION BY
JUDGE COVEY                        FILED: September 7, 2018


      Margaret Mazur (Claimant) petitions this Court, pro se, for review of the Unemployment Compensation (UC) Board of Review's (UCBR) February 28, 2018 order affirming the Referee's decision denying Claimant UC benefits under Section 402(b) of the UC Law (Law).[1]  Claimant essentially presents one issue for this Court's review: whether the UCBR erred by determining that Claimant did not have a necessitous and compelling reason for leaving her job.[2]  After review, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b) (relating to voluntary separation without cause of a necessitous and compelling nature).

[2] Claimant's "Questions Presented" are as follows: (1) what evidence did the Erie UC Service Center representative rely upon to determine that Claimant failed to exhaust her efforts to retain her employment; (2) why did the Referee fail to address whether Claimant exhausted efforts to maintain her employment; (3) why did the Referee fail to require Employer's witnesses to testify regarding whether Claimant exhausted efforts to maintain her employment; and (4) on what evidence did the UCBR affirm the Referee's determination that Claimant failed to exhaust efforts to maintain her employment.  *See* Claimant's Amended Br. at 7.  Because these issues are subsumed in the analysis of whether the UCBR properly determined that Claimant did not have a necessitous and compelling reason for leaving her job, we have combined the issues herein.

Claimant was employed full-time as an accounting assistant by the Pennsylvania Department of Military and Veterans Affairs (Employer) from July 9, 2007 to April 26, 2017, when she resigned. *See* Certified Record (C.R.) Item 9, Notes of Testimony, August 8, 2017 (N.T. 8/8/17) Ex. C-1. The underlying circumstances that led to Claimant's resignation stem from Employer accusing Claimant of theft resulting in Employer suspending Claimant without pay from May 26, 2016 through June 12, 2016.

On June 1, 2016, while Claimant was on suspension, her collective bargaining representative, Council 13, American Federation of State, County and Municipal Employees, AFL-CIO (Union), filed a grievance on her behalf concerning the suspension. On June 8, 2016, the Union and Employer entered into a last-chance settlement agreement (Agreement), pursuant to which Claimant received a final warning for a work rule violation and was notified that any further misconduct of a similar nature would result in her discharge. *See* N.T. 8/8/17 Ex. C-2. The Agreement specified: "Acceptance of this [Agreement] will dispose of all issues associated with the [] grievance." *Id.* Claimant returned to work on June 13, 2016 pursuant to the Agreement.[3] Claimant acknowledged that she received the Agreement upon her return to work that day.

Due to Claimant's persistent and interruptive lobbying of Employer to have the discipline removed from her record, and contacting co-workers about the settled matter, Claimant's direct supervisor warned her that she may be subject to a disciplinary conference and instructed her to go home. Claimant did not follow her supervisor's instructions to go home. On April 27, 2017, Claimant resigned her

---

[3] Claimant received a copy of the Agreement, but disagreed with it and contacted her union representative and others regarding her options. Because she did not receive a response, and was not certain of her alternatives, she nevertheless returned and continued to work for approximately ten months thereafter.

employment, asserting she could no longer do her job because of extreme emotional distress caused by ongoing harassment and discrimination.

Thereafter, Claimant applied for UC benefits. On July 13, 2017, the Erie UC Service Center (UC Service Center) concluded: "[A]lthough [Claimant] had a necessitous and compelling reason for quitting, there were alternatives to resolve the situation. Since [she] did not exhaust all alternatives prior to quitting, she has not sustained her burden of proof and benefits must be denied under Section 402(b) [of the Law]." UC Service Center Determination at 1. Claimant appealed, and Referee hearings were held on August 8 and 23, 2017. On September 1, 2017, the Referee affirmed the UC Service Center's determination, holding that Claimant did not have a necessitous and compelling reason for quitting, *and* she did not make a reasonable effort to preserve her employment. Claimant appealed to the UCBR. On February 28, 2018, the UCBR adopted the Referee's findings and conclusions, and affirmed the Referee's decision. Claimant appealed to this Court.[4]

Claimant argues that the UCBR erred by concluding that she failed to prove she had a necessitous and compelling reason for voluntarily quitting her job. She also claims that since she only appealed from the portion of the UC Service Center's determination that she failed to exhaust all of her alternatives before resigning, the Referee and the UCBR erred by re-examining and overturning the UC Service Center's conclusion that she had a necessitous and compelling reason for quitting in the first instance.

As an initial matter, Section 101.87 of the UCBR's Regulations specifies that, "[i]n hearing the appeal [from the UC Service Center's determination,] the tribunal shall consider the issues expressly ruled upon in the decision from which the

---

[4] "Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704." *Turgeon v. Unemployment Comp. Bd. of Review*, 64 A.3d 729, 731 n.3 (Pa. Cmwlth. 2013).

appeal was filed."[5]  34 Pa. Code § 101.87.  This Court has specifically declared that although the UC Service Center concludes in a claimant's favor that she voluntarily left her employment with cause of a necessitous and compelling nature and the claimant did not intend to reopen that issue, it remains a proper area of inquiry for the referee.  *Lenz v. Unemployment Comp. Bd. of Review*, 432 A.2d 1149 (Pa. Cmwlth. 1981).  Moreover, Section 101.107(b) of the UCBR's Regulations further specifies, in relevant part: "The [UCBR] shall consider the issues expressly ruled upon in the decision from which the appeal was filed."  34 Pa. Code § 101.107(b).  Based thereon, this Court has held that when a referee expressly rules on an issue, the UCBR has jurisdiction to rule on it.  *Jordan v. Unemployment Comp. Bd. of Review*, 547 A.2d 811, 813 (Pa. Cmwlth. 1988).  Accordingly, the Referee in the instant matter properly considered whether Claimant had a necessitous and compelling reason for quitting, and the UCBR properly reviewed the Referee's decision.

Regarding the merits of Claimant's appeal, Section 402(b) of the Law states that an employee shall be ineligible for compensation for any week "[i]n which h[er] unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature[.]"  43 P.S. § 802(b).  This Court has explained:

> Whether a claimant had cause of a necessitous and compelling nature for leaving work is a question of law subject to this Court's review.  A claimant who voluntarily quits h[er] employment bears the burden of proving that necessitous and compelling reasons motivated that decision.  In order to establish cause of a necessitous and compelling nature, a claimant must establish that (1) circumstances existed that produced real and substantial pressure to terminate employment, (2) like circumstances would

---

[5] "[A]s long as [the UC Service Center] expressly ruled upon the issue, and the issue is delineated in the [UC Service Center's] determination notice, the referee may consider and rule upon it even though [the appealing party] did not, by its appeal, intend to reopen inquiry into this particular issue."  *Wilder & Miller, P.C. v. Unemployment Comp. Bd. of Review*, 525 A.2d 852, 855 (Pa. Cmwlth. 1987).

4

> compel a reasonable person to act in the same manner, (3) the claimant acted with ordinary common sense, and (4) the claimant made a reasonable effort to preserve her employment.

*Middletown Twp. v. Unemployment Comp. Bd. of Review*, 40 A.3d 217, 227-28 (Pa. Cmwlth. 2012) (citations omitted).

Workplace harassment may be a circumstance that produces real and substantial pressure to terminate employment. *Danner v. Unemployment Comp. Bd. of Review*, 443 A.2d 1211 (Pa. Cmwlth. 1982). However, Pennsylvania law is clear that "[m]ere dissatisfaction with one's working conditions does not constitute cause of a necessitous and compelling nature for terminating one's employment." *Brunswick Hotel & Conference Ctr., LLC v. Unemployment Comp. Bd. of Review,* 906 A.2d 657, 660 (Pa. Cmwlth. 2006). Moreover, "[p]ersonality conflicts, absent an intolerable work atmosphere, do not amount to a necessitous and compelling cause for leaving one's employment." *Wert v. Unemployment Comp. Bd. of Review*, 41 A.3d 937, 940 (Pa. Cmwlth. 2012). This Court has ruled that resentment of reprimand, personality conflicts or yelling may make a work environment uncomfortable, but not necessarily intolerable. *Ann Kearney Astolfi DMD PC. v. Unemployment Comp. Bd. of Review*, 995 A.2d 1286 (Pa. Cmwlth. 2010).

At the Referee hearings, Claimant agreed that she voluntarily left her employment, but "had extenuating circumstances to do so," N.T. 8/8/17 at 9, and claimed she tried to work with Employer to resolve her issues and exhausted her alternatives. Claimant explained: "I didn't want to stay at work with the conditions of [the disciplinary] letter . . . I disagreed with the whole letter." C.R. Item 12, Notes of Testimony, August 23, 2017 (N.T. 8/23/17) at 6.

Claimant admitted that, although she worked for approximately ten months after receiving the disciplinary letter on June 13, 2016, she persisted in

challenging the terms of the Agreement that resulted in her final warning. Based upon the evidence presented at the hearings,[6] the Referee concluded:

> [Claimant] argues that she quit employment due to a hostile work environment. [Claimant] failed to provide any competent evidence to demonstrate that she was subjected to a hostile work environment or intolerable working conditions. **[Claimant's] testimony** concerning her allegations **that she was subjected to hostile working conditions including harassment and discrimination is not found credible**. [Claimant] has failed to demonstrate cause of necessitous and compelling nature for leaving employment and has further failed to demonstrate that she made a reasonable effort to preserve her employment prior to resignation.

Referee Dec. at 3 (emphasis added). On appeal, the UCBR adopted the Referee's findings and conclusions, and affirmed the Referee's decision, stating:

> [T]he determination made by the Referee is proper under the [Law]. **The [UCBR] does not find [Claimant's] testimony credible that she was experiencing harassment**. [Claimant] testified that by her receiving instructions to stop requesting to reopen an already closed personnel issue, this amounted to harassment. [Claimant's] disagreement with her [E]mployer amounted to mere dissatisfaction. [Claimant] did not have a necessitous and compelling reason to voluntarily leave work.

UCBR Order at 1 (emphasis added).

> All credibility determinations are made by the [UCBR]. The weight given the evidence is within the discretion of the factfinder. The [UCBR] is the ultimate factfinder. The [UCBR] determined that Claimant voluntarily left h[er] employment [without a necessitous and compelling reason].

---

[6] Claimant asserts that the Referee erred by not requiring Employer's witnesses to produce evidence that she failed to exhaust efforts to retain her employment. However, in order to prove that she had a necessitous and compelling reason to quit her job, it was incumbent upon Claimant, not Employer, to establish that she made reasonable efforts to preserve her employment. *See Middletown Twp.* Accordingly, the Referee did not err in not requiring Employer's witnesses to produce such evidence.

6

A review of the record reveals that the [UCBR's] findings were supported by substantial evidence.

*Spadaro v. Unemployment Comp. Bd. of Review*, 850 A.2d 855, 860 (Pa. Cmwlth. 2004) (citations omitted). Here, because Claimant did not produce credible evidence that "circumstances existed that produced real and substantial pressure [for Claimant] to terminate [her] employment," neither the Referee nor the UCBR needed to further determine whether, *inter alia*, "[she] made a reasonable effort to preserve her employment."[7] *Middletown Twp.*, 40 A.3d at 228. In light of Claimant's failure to prove that intolerable circumstances existed in the first instance, she did not have a necessitous and compelling reason to resign her employment and, thus, pursuant to Section 402(b) of the Law, she is ineligible for UC benefits.[8]

---

[7] The effort to preserve employment is but one of the four factors a claimant must prove to establish a cause of a necessitous and compelling nature. *Middletown Twp.* Since the Referee and, subsequently, the UCBR concluded that Claimant did not face real and substantial pressure to quit in the first instance, they did not need to further determine whether Claimant exhausted her alternatives before she resigned.

[8] Claimant also argues that the Referee mistreated her at the hearings. "Claimant, however, has waived this issue by failing to raise it within her petition for review, as well as her failure to raise it within the Statement of Questions Involved section of her brief. *See* Pa.R.A.P. 1513(d), 2116[.]" *O'Neill v. Workers' Comp. Appeal Bd. (News Corp. Ltd.)*, 29 A.3d 50, 60 n.5 (Pa. Cmwlth. 2011); *see also McCall v. Unemployment Comp. Bd. of Review*, 717 A.2d 623 (Pa. Cmwlth. 1998).

Even if the issue was not waived, Claimant specifically claims: "The [R]eferee interrupted me repeatedly when I was providing instances of harassment and discrimination. He acted in a hostile and belittling manner toward me. He cut me off even when I tried to answer his questions." C.R. Item 14, Claimant's Pet. for Appeal to the UCBR at 9. Section 101.21(b) of the UCBR's Regulations provides: "Within the discretion of the tribunal, the parties shall be permitted to present evidence and testimony which they believe is necessary to establish their rights." 34 Pa. Code § 101.21(b). After careful review of the hearing transcripts, this Court finds that, although there were times when the Referee limited Claimant's testimony and cross-examination to the specific issues raised in her appeal, there were no circumstances in which the Referee acted in a hostile or belittling manner toward Claimant or denied her the opportunity to present her case. Rather, Claimant was afforded a full and fair opportunity to present her appeal. Accordingly, Claimant's contention is without merit.

For all of the above reasons, the UCBR's order is affirmed.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Margaret Mazur,                          :
                          Petitioner     :
                                         :
              v.                         :
                                         :
Unemployment Compensation                :
Board of Review,                         :    No. 291 C.D. 2018
                          Respondent     :

## O R D E R

AND NOW, this 7th day of September, 2018, the Unemployment Compensation Board of Review's February 28, 2018 order is affirmed.

 

_____
ANNE E. COVEY, Judge