# IN THE COMMONWEALTH COURT OF PENNSYLVANIA_

Kim Peacock,                    :
             Petitioner     :
                        :
          v.            :  No. 1735 C.D. 2018
Unemployment Compensation   :  Submitted: June 21, 2019
Board of Review,            :
            Respondent   :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**            **FILED: August 21, 2019**

Petitioner Kim Peacock (Claimant), *pro se*, petitions for review of an order of the Unemployment Compensation Board of Review (Board). The Board affirmed a decision of the Unemployment Compensation Referee (Referee), denying Claimant unemployment compensation benefits pursuant to Section 402(b) of the Unemployment Compensation Law (Law), relating to voluntarily quitting without cause of a necessitous and compelling nature.[1] For the reasons set forth below, we affirm.

Claimant worked as a part-time van driver for Student Transportation of America of Pennsylvania, Inc. (Employer). (Certified Record (C.R.), Item

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

No. 10.) Claimant last worked for Employer on June 1, 2018, and expected to return to work on approximately August 27, 2018, for the upcoming school year. (C.R., Item No. 9 at 1.) Claimant applied for unemployment compensation benefits on June 3, 2018. (C.R., Item No. 1 at 1.) The Altoona UC Service Center (Service Center) found Claimant ineligible for unemployment compensation benefits for the week ending September 1, 2018. (C.R., Item No. 4 at 1, Item No. 10 at 1.) The Service Center denied Claimant benefits after concluding that "although the Claimant had a necessitous and compelling reason for quitting, there were alternatives to resolve the situation" prior to quitting her job. (*Id.*) Claimant appealed the Service Center's determination. (C.R., Item No. 5.) A referee conducted a hearing, at which time Claimant offered several email conversations between herself and Employer into evidence. (C.R., Item No. 9 at 7.) Both Claimant and Employer presented testimony. (*Id.*)

Claimant testified she last worked for Employer on June 1, 2018. (*Id.* at 3.) Claimant explained that, after determining that she would soon be moving to North Carolina with her husband but did not yet know when her permanent move would be, she asked Aaron Broman, Employer's Operations Manager, in July 2018 if it was possible for her to go on "sub-status" and only be called in "as needed" for the upcoming school year. (*Id.* at 3-4.) Mr. Broman informed Claimant that she would be listed as a substitute driver for the upcoming school year and that she was to keep him informed as to her moving situation. (*Id.*) Claimant requested that Employer provide her a two-day notice so that she would have time to review the driving route. (*Id.* at 9.) Claimant planned to live with a friend in Altoona, Pennsylvania, so that she could continue to work for Employer per their agreement

2

that she would work on an as-needed basis until she permanently moved to North Carolina. (*Id.*)

Claimant traveled back and forth between Pennsylvania and North Carolina throughout the summer, spending approximately twelve days in North Carolina. (*Id.* at 4-6, 11.) After selling their Pennsylvania home, Claimant's husband moved to North Carolina toward the end of July 2018. (*Id.* at 7.) Claimant did not attend the annual group driver bid meeting on August 6, 2018, because she and her husband were signing contract papers for their North Carolina home. (*Id.* at 11.) Once the school year resumed, Claimant planned to work for Employer as a substitute driver on an as-needed basis with a two-day notice until her move became permanent. (*Id.* at 5-7.) She testified that she planned to reside some of the time in Pennsylvania with a friend and some of the time in North Carolina, traveling back and forth as needed. (*Id.*) Claimant was in North Carolina prior to August 27, 2018, and had planned to return to Pennsylvania on August 25th or 26th, but she stayed in North Carolina due to a hurricane. (*Id.*) She did not return to work on August 27, 2018, because Employer had not contacted her to work as a substitute. (*Id.* at 4-5.) On September 9, 2018, despite not yet knowing when her move would become permanent, Claimant informed Employer that she would no longer be able to work for Employer "because there was just too much going on" given "the flooding in Pennsylvania and the hurricane" in North Carolina. (*Id.* at 6.) Prior to September 9, 2018, Employer had not contacted Claimant about serving as a substitute driver for the new school year. (*Id.* at 6-7.)

Mr. Broman testified on behalf of Employer. (*Id.* at 10.) He testified that Employer had work available for Claimant had she not voluntarily quit and relocated to North Carolina. (*Id.* at 11.) Claimant did not physically attend the

annual driver meeting to place a bid on a driving route for the upcoming year. (*Id.*) Rather, she elected to assign a proxy to bid in her absence. (*Id.*) Had Claimant not chosen to be a substitute driver for the upcoming school year, she would have had a driving route due to her seniority. (*Id.* at 11-12.) Claimant notified Mr. Broman that she would not be available to work on August 27, 2018. (*Id.* at 11.) Claimant voluntarily quit her position with Employer on September 9, 2018, via email. (*Id.* at 6.)

Following the hearing, the Referee issued a decision, concluding that Claimant was ineligible for unemployment compensation benefits under Section 402(b) of the Law. (C.R., Item No. 10.) The Referee made the following findings of fact:

1. The claimant was employed by [Student Transportation of America] of Pennsylvania as a part-time van driver, from August 2010 until June 1, 2018, her last day of work.

2. The claimant had a lack of work with an expected date of recall of August 27, 2018.

3. In July of 2018, the claimant decided to change from her regular status to a substitute[,] as-needed status.

4. The claimant was planning to move to North Carolina, but could not provide the employer with a specific date.

5. On August 25, 2018, the claimant permanently moved to North Carolina.

(*Id.* at 1-2.) The Referee offered the following reasoning:

[W]here a claimant's relocation is the basis for the voluntary termination of employment, there must be clear evidence that circumstances existed that required the relocation in order for it to be considered necessitous and compelling in nature. Relocation based essentially on personal choice, however valid and desirous the choice may be, does not constitute necessitous and compelling cause for leaving continuing employment.

4

As such, the Referee cannot find that the Claimant has established a necessitous and compelling reason for leaving employment at the time the Claimant did or that the Claimant acted with ordinary common sense and made a good faith effort to preserve the employment.

(*Id.* at 2.)

Claimant subsequently appealed to the Board. Claimant argued that she voluntarily quit her position for a variety of reasons, including safety concerns at work, a desire to preserve her marriage and move with her husband who had received financially beneficial employment in North Carolina, and to avoid the financial stress of Pennsylvania taxes. (C.R., Item No. 11.) The Board affirmed the order of the Referee, concluding that Claimant was ineligible for benefits. (C.R., Item No. 12 at 1.) The Board adopted and incorporated the Referee's findings of fact and conclusions of law and offered the following reasoning:

On appeal, the claimant asserts that she quit because of safety concerns and moved to North Carolina because of the financial stress of Pennsylvania taxes. . . . the claimant did not testify to any safety concerns at the [referee] hearing or any financial issues that caused . . . her to voluntarily quit her job. The claimant's testimony was that she moved to North Carolina and quit because there was too much going on there. As such, the claimant has failed to establish a necessitous and compelling reason to voluntarily quit her job.

(*Id.*)

On appeal to this Court,[2] Claimant essentially argues that the Board erred by concluding that she did not have a necessitous and compelling reason for voluntarily quitting her position with Employer. Claimant contends that it was

---

[2] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa. C.S. § 704.

necessary for her to voluntarily quit her position due to her safety concerns at work and having a desire to preserve her marriage and move with her husband who had received financially beneficial employment in North Carolina. Claimant explains that the Service Center initially determined that she had a necessitous and compelling reason to quit, and she appealed only the portion of the Service Center's determination that she had not exhausted all alternatives prior to quitting. She contends that, as a result of the Service Center's determination, the Referee and Board erred in reconsidering whether she had a necessitous and compelling reason to voluntarily quit her position; rather, the Referee should have considered only whether she exhausted all alternatives prior to quitting. Claimant appears to argue that, because of the error on the part of the Referee, this Court should consider the additional facts set forth in her brief when determining whether she had cause of a necessitous and compelling nature to quit her employment.

We first consider Claimant's argument that the Referee erred in considering whether Claimant had cause of a necessitous and compelling nature to quit her employment when the Service Center had resolved that issue in her favor. This Court considered the identical issue in *Mazur v. Unemployment Compensation Board of Review*, 193 A.3d 1132 (Pa. Cmwlth. 2018). In *Mazur*, we wrote:

> [The] [c]laimant argues that the [Board] erred by concluding that she failed to prove she had a necessitous and compelling reason for voluntarily quitting her job. She also claims that since she only appealed from the portion of the [Erie] UC Service Center's [(UC Service Center)] determination that she failed to exhaust all of her alternatives before resigning, the Referee and the [Board] erred by re-examining and overturning the UC Service Center's conclusion that she had a necessitous and compelling reason for quitting in the first instance.
>
> As an initial matter, Section 101.87 of the [Board]'s Regulations specifies that, "[i]n hearing the appeal [from

6

the UC Service Center's determination,] the tribunal shall consider the issues expressly ruled upon in the decision from which the appeal was filed." 34 Pa. Code § 101.87. This Court has specifically declared that although the UC Service Center concludes in a claimant's favor that she voluntarily left her employment with cause of a necessitous and compelling nature and the claimant did not intend to reopen that issue, it remains a proper area of inquiry for the referee. *Lenz v. Unemployment Comp. Bd. of Review*, . . . 432 A.2d 1149 ([Pa. Cmwlth.] 1981). Moreover, Section 101.107(b) of the [Board]'s Regulations further specifies, in relevant part: "The [Board] shall consider the issues expressly ruled upon in the decision from which the appeal was filed." 34 Pa. Code § 101.107(b). Based thereon, this Court has held that when a referee expressly rules on an issue, the [Board] has jurisdiction to rule on it. *Jordan v. Unemployment Comp. Bd. of Review*, . . . 547 A.2d 811, 813 ([Pa. Cmwlth.] 1988). Accordingly, the [r]eferee in the instant matter properly considered whether [the c]laimant had a necessitous and compelling reason for quitting, and the [Board] properly reviewed the [r]eferee's decision.

*Mazur*, 193 A.3d at 1134-35 (footnote omitted) (alteration in original and added). In *Wilder & Miller, P.C. v. Unemployment Compensation Board of Review*, 525 A.2d 852 (Pa. Cmwlth. 1987), we explained: "[A]s long as [the UC Service Center] expressly ruled upon the issue, and the issue is delineated in the [UC Service Center's] determination notice, the referee may consider and rule upon it even though [the appealing party] did not, by its appeal, intend to reopen inquiry into this particular issue." *Wilder & Miller*, 525 A.2d at 855.

Here, the Service Center had expressly ruled upon the issue of whether Claimant had a necessitous and compelling reason for quitting her position. (C.R.,

Item No. 4 at 1.) Thus, in light of the discussion above, the Referee and Board properly considered that same issue on appeal.[3]

We next consider whether the Board erred in concluding that Claimant did not have a necessitous and compelling reason to voluntarily quit. Determining whether a claimant had a necessitous and compelling reason to voluntarily quit is a question of law that is reviewable by this Court. *Wasko v. Unemployment Comp. Bd. of Review*, 488 A.2d 388, 389 (Pa. Cmwlth. 1985). A claimant bears the burden to prove that she had a necessitous and compelling reason to voluntarily quit her position with her employer. *Fitzgerald v. Unemployment Comp. Bd. of Review*, 714 A.2d 1126, 1129 (Pa. Cmwlth. 1998), *appeal denied*, 794 A.2d 364 (Pa. 1999). A claimant must demonstrate the following to establish a necessitous and compelling reason: (1) circumstances existed that produced real and substantial pressure to terminate employment; (2) like circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and (4) the claimant made a reasonable effort to preserve employment. *Procito v. Unemployment Comp. Bd. of Review*, 945 A.2d 261, 264 (Pa. Cmwlth. 2008) (en banc).

Here, Claimant essentially argues that it was necessary to quit her job due to her safety concerns at work and a desire to preserve her marriage and move with her husband who had received an employment opportunity in North Carolina. The Board argues that Claimant failed to meet her burden to prove that she had a

---

[3] In addition, Claimant received a Notice of Hearing from the Board, dated September 25, 2018, informing her that the specific issue to be considered and decided upon by the Referee on appeal would include "[w]hether [her] unemployment was due to voluntarily leaving work without cause of necessitous and compelling nature." (C.R., Item No. 7 at 1.) This document, therefore, served as notice to Claimant as to what specific issue would be decided by the Referee, and Claimant should have been prepared to address that issue at the hearing.

8

necessitous and compelling reason to quit because, at the hearing before the Referee, she offered no evidence supporting her alleged safety concerns nor any explanation as to why she and her husband decided to move to North Carolina. We agree with the Board.

The Board concluded that Claimant failed to testify to any facts or offer any evidence before the Referee that would support her presented arguments that she had necessitous and compelling reasons to quit. (C.R., Item No. 12 at 1.) Additionally, the Board concluded that Claimant moved to North Carolina because there "was too much going on there." (*Id.*) As Claimant has failed to challenge any of the Board's findings, we accept the Board's findings and conclude that the Board did not err in concluding that Claimant did not have a necessitous and compelling reason for voluntarily quitting her position with Employer.[4]

Accordingly, we affirm the order of the Board.

P. KEVIN BROBSON, Judge

---

[4] This Court has held that both unsafe working environments and following a spouse within the parameters of the "follow-the-spouse" doctrine constitute necessitous and compelling reasons to voluntarily quit one's job. *See Green Tree Sch. v. Unemployment Comp. Bd. of Review*, 982 A.2d 573, 577-78 (Pa. Cmwlth. 2009) (holding that unsafe working environment constitutes necessitous and compelling reason to voluntarily quit); *see Rodriguez v. Unemployment Comp. Bd. of Review*, 174 A.3d 1158, 1164 (Pa. Cmwlth. 2017) (holding that following spouse within the parameters of "follow-the-spouse" doctrine constitutes necessitous and compelling reason to voluntarily quit). As discussed above, however, Claimant simply failed to provide evidence at the hearing before the Referee that would support an award of benefits based on either of those reasons.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kim Peacock,                            :
                    Petitioner          :
                                        :
            v.                          :    No. 1735 C.D. 2018
Unemployment Compensation               :
Board of Review,                        :
                    Respondent          :

# **O R D E R**

AND NOW, this 21st day of August, 2019, we AFFIRM the order of the Unemployment Compensation Board of Review.

_____
P. KEVIN BROBSON, Judge