IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Markus J. Woodring,                     :
                    Petitioner          :
                                        :
        v.                              :    No. 218 C.D. 2019
                                        :    Submitted: June 24, 2022
Unemployment Compensation               :
Board of Review,                        :
                    Respondent          :

BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION
BY JUDGE DUMAS                          FILED: October 4, 2022

Marcus J. Woodring (Claimant) has petitioned this Court to review the adjudication of the Unemployment Compensation Board of Review (Board), which affirmed a Referee's decision that Claimant was ineligible for unemployment compensation benefits under Section 402(e) of the Unemployment Compensation Law (Law) relating to willful misconduct.[1]  Upon review, we affirm.

## I. BACKGROUND[2]

Claimant worked full time as an information technology (IT) hardware technician for the House of Representatives Republican Caucus (Employer) from December 21, 2005, to March 2, 2018.  As such, Claimant was subject to Employer's email policy, which requires employees to use its email system with common sense,

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e) (providing that an employee shall be ineligible for compensation when his separation from employment is due to willful misconduct connected with his work).

[2] Except as stated otherwise, we adopt this background from the Board's Decision and Order, 2/1/19, which is supported by substantial evidence of record.

common decency, and civility, and which prohibits the transmission of any message for the purpose of intimidating, harassing, or abusing others, or which is offensive or defamatory in nature.

On February 22, 2018, Claimant sent an email to a fellow employee, stating, "Did you hear Ashley is going to be the next HR Director? Once again, they don't follow any of their rules. Just giving jobs away again. If I were you, I'd be pissed with your qualifications. I'm curious if she is even qualified for the job." Notes of Testimony (N.T.) from Referee's Hr'g, 4/24/18, Ex. E-1. Thereafter, Employer terminated Claimant for violation of its email policy.

Claimant applied for, but was denied, unemployment compensation benefits under Section 402(e) of the Law. Claimant appealed to a Referee, who denied Claimant's appeal following a hearing.[3] Claimant then appealed to the Board, which affirmed. Claimant now appeals to this Court.

## II. ISSUES

Claimant asserts that Employer failed to prove that Claimant committed willful misconduct. According to Claimant, because Employer was absent from the hearing, Employer could not sustain its burden of proof or authenticate its documentary evidence. *See* Claimant's Second Am. Br. at 19-20. Further, Claimant suggests, his email and other correspondence constitute speech protected by the First Amendment.[4] *See id.* at 20-22. For these reasons, Claimant concludes, this Court should reverse the Board's decision and find that Claimant is eligible for benefits. *Id.* at 23.

---

[3] At the hearing, held April 24, 2018, Claimant appeared and testified; Employer did not appear at the hearing but was represented by counsel.

[4] U.S. CONST. amend. I.

2

For its part, Employer rejects these arguments.[5] According to Employer, its counsel was present at the hearing and elicited from Claimant all facts necessary to establish that he is ineligible for benefits under Section 402(e) of the Law. Intervenor's Br. at 13. Further, according to Employer, Claimant has waived any argument that his conduct was constitutionally protected. Intervenor's Br. at 13-14. In the alternative, Employer suggests that Claimant's email related to internal matters outside of the public interest and, therefore, was not constitutionally protected. *Id.* at 14-16.

### III. DISCUSSION

This Court's review is "limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." *Johns v. Unemployment Comp. Bd. of Rev.*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014). It is well settled that, in unemployment compensation cases, the Board is the ultimate fact-finder and its findings are conclusive on appeal, provided there is substantial evidence to support them. *Cambria Cnty. Transit Auth. ("CamTran") v. Unemployment Comp. Bd. of Rev.*, 201 A.3d 941, 947 (Pa. Cmwlth. 2019). Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Scott v. Unemployment Comp. Bd. of Rev.*, 36 A.3d 643, 647 n.4 (Pa. Cmwlth. 2012).

### A. Employer Proved Claimant's Willful Misconduct

Claimant asserts that Employer did not meet its burden of proving that Claimant committed willful misconduct because Employer failed to appear at the evidentiary hearing. This claim is without merit.

---

[5] Employer intervened as of right pursuant to Pa.R.A.P. 1531(a).

3

Section 402(e) of the Law provides that an employee shall be ineligible for unemployment compensation benefits for any week "in which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected to his work[.]" 43 P.S. § 802(e). It is well established that "[w]hether conduct rises to the level of willful misconduct is a question of law to be determined by this Court." *Brown v. Unemployment Comp. Bd. of Rev.*, 49 A.3d 933, 937 (Pa. Cmwlth. 2012).

Although undefined in the Law, our courts have defined "willful misconduct" to mean (1) "an act of wanton or willful disregard of the employer's interest," (2) "a deliberate violation of the employer's rules," (3) "a disregard for standards of behavior which the employer has a right to expect of an employee," or (4) "negligence indicating an intentional disregard of the employer's interest or of the employee's duties and obligations to the employer." *Scott v. Unemployment Comp. Bd. of Rev.*, 105 A.3d 839, 844 (Pa. Cmwlth. 2014). The initial burden rests with the employer to prove willful misconduct on the part of the employee. *Adams v. Unemployment Comp. Bd. of Rev.*, 56 A.3d 76, 78-79 (Pa. Cmwlth. 2012).

An employer, seeking to prove willful misconduct based on the violation of its policies, must prove the existence of the policy, its reasonableness, and the fact of its violation. *Halloran v. Unemployment Comp. Bd. of Rev.*, 188 A.3d 592, 597 (Pa. Cmwlth. 2018). Upon doing so, the burden of proof shifts to the employee to prove that he had good cause for his actions. *Id.* The employee can establish good cause where his actions are "justified or reasonable under the circumstances." *Chapman v. Unemployment Comp. Bd. of Rev.*, 20 A.3d 603, 607 (Pa. Cmwlth. 2011).

4

Finally, an employer's burden of proof may be carried, in whole or in part, by the claimant's own testimony. *Walker v. Unemployment Comp. Bd. of Rev.*, 202 A.3d 896, 902-03 (Pa. Cmwlth. 2019) (accepting claimant's testimony as corroboration of employer's hearsay evidence); *Moore v. Unemployment Comp. Bd. of Rev.*, 578 A.2d 606, 608-09 (Pa. Cmwlth. 1990) (noting that "[e]ven where an employer fails to appear [and has] the burden of proving willful misconduct, benefits may be denied if the employee seeking benefits proves the employer's case").

At the hearing in this matter, Claimant acknowledged the existence of the policy and that he was aware of it. *See* N.T. at 15-16. Claimant also admitted that he sent the email disparaging the newly hired HR Director and accusing Employer of not following its rules. *Id.* at 22. Finally, the letter from Employer terminating Claimant's employment, which advised Claimant that he was terminated for violating Employer's email policy, was admitted into evidence without objection. *See id.* at 3.[6]

Based on this substantial evidence, the Board properly found that Claimant had committed willful misconduct and, therefore, was ineligible for unemployment benefits under Section 402(e) of the Law. 43 P.S. § 802(e); *Halloran*, 188 A.3d at 597; *see also Cambria Cnty. Transit Auth.*, 201 A.3d at 947. Thus, although Employer was not present, Claimant's testimony, along with the documentary evidence submitted by the parties, carried Employer's burden of establishing willful misconduct. *See Walker*, 202 A.3d at 902-03; *Moore*, 578 A.2d at 608-09.

---

[6] Claimant introduced no evidence to prove good cause for his violation of Employer's email policy, suggesting rather that his termination was in retaliation for alleged whistleblower complaints made in 2015 and 2016. *See* N.T. at 15-17. The Board did not find merit in this allegation. *See* Bd.'s Decision & Order at 2 (unpaginated).

## B. Claimant's Constitutional Arguments are Without Merit

Claimant also asserts that his conduct is protected under the First Amendment. In perfunctory remarks, Claimant asserts that "it should be clear that [Claimant's] emails and postings were speech coming from a citizen on a matter of public concern." *Id.* at 22.[7] In response, Employer contends that Claimant has waived this issue on appeal and, alternatively, that this claim is without merit because the content of Claimant's email does not constitute speech of public concern.

We decline to find this issue waived. Pennsylvania Rule of Appellate Procedure 1513(d) provides that a petition for review shall contain "a general statement of the objections to the order or other determination, *but the omission of an issue from the statement shall not be the basis for a finding of waiver if the court is able to address the issue based on the certified record.*" Pa.R.A.P. 1513(d) (emphasis added). Although Claimant omitted from his petition for review any specific objection to the Board's adjudication on the ground that his conduct was protected under the First Amendment, Claimant made such assertions to the Board, and there is sufficient evidence of record to inform our analysis. *See* Claimant's Pet. for Appeal from Referee's Decision/Order, 5/8/18, Ex. (Notice of Appeal, ¶ 3); *see generally* N.T.

Nevertheless, we agree with Employer that this claim lacks merit. "The denial of unemployment compensation benefits cannot be based on an individual's

---

[7] Principally, in support of his claim, Claimant suggests that this Court consider his ongoing pursuit of relief in federal court. *See* Claimant's Second Am. Br. at 20-21. Apparently, Claimant's federal complaint has survived a recent motion to dismiss. *See id.* Claimant offers little context. Considering the scant details and mindful that Claimant's federal claims appear to be in the early pleadings stage of litigation, we conclude that his federal claims are irrelevant to whether he is eligible for unemployment compensation.

exercise of First Amendment rights absent a compelling State interest." *McCall v. Unemployment Comp. Bd. of Rev.*, 717 A.2d 623, 625 (Pa. Cmwlth. 1998). The first step in any constitutional inquiry is to determine whether the employee engaged in protected speech activity, *i.e.*, whether the speech addressed a matter of public concern. *Connick v. Myers*, 461 U.S. 138, 147 (1983); *Frigm v. Unemployment Comp. Bd. of Rev.*, 642 A.2d 629, 633 (Pa. Cmwlth. 1994); *Bala v. Unemployment Comp. Bd. of Rev.*, 400 A.2d 1359, 1364 (Pa. Cmwlth. 1979).

Speech implicates a matter of public concern if it can be "fairly considered as relating to any matter of political, social, or other concern to the community." *Connick*, 461 U.S. at 146 (noting, *e.g.*, that statements concerning a school district's allegedly racially discriminatory policies involved a matter of public concern). However, "speech that relates solely to mundane employment grievances does not implicate a matter of public concern." *Munroe v. Cent. Bucks Sch. Dist.*, 805 F.3d 454, 467 (3d Cir. 2015); *see, e.g.*, *Sanguigni v. Pittsburgh Bd. of Pub. Educ.*, 968 F.2d 393, 399 (3d Cir. 1992) (finding no public concern in statements focused on employee morale).[8]

The United States Supreme Court's decision in *Connick* is instructive. In that case, an assistant district attorney, Ms. Sheila Myers, became disgruntled upon learning of her pending transfer to another section of the criminal court. *Connick*, 461 U.S. at 140-41. In response, she prepared and distributed a questionnaire soliciting the views of her colleagues on various employment matters, including "office transfer policy, office morale, the need for a grievance committee, the level of confidence in supervisors, and whether employees felt pressured to work

---

[8] Although decisions by federal district courts and courts of appeals are generally not binding on this Court, they may have persuasive value. *O'Toole v. Pa. Dep't of Corr.*, 196 A.3d 260, 271 n.15 (Pa. Cmwlth. 2018).

in political campaigns." *Id.* at 141. The district attorney terminated Ms. Myers for insubordination, and she commenced litigation, alleging wrongful termination because she had exercised her constitutionally protected right of free speech. *Id.*

Although Ms. Myers was initially granted relief, ultimately the Supreme Court determined that, with but one exception,[9] the questionnaire provided no information of public interest but merely embodied "an employee grievance concerning internal office policy." *Id.* at 154. According to the Court, the limited First Amendment interest did not require the district attorney to "tolerate action which he reasonably believed would disrupt the office, undermine his authority, and destroy close working relationships." *Id.* Thus, her discharge did not offend the First Amendment. *Id.*

In this case, Claimant was critical of Employer's management and expressed his disagreement with the recent promotion of a colleague. These are not matters of public concern or interest but rather reflect Claimant's mundane employment grievances. Thus, Claimant's email is not protected speech. *See id.*

For these reasons, we discern no legal error in the Board's decision. Accordingly, we affirm.

_____
LORI A. DUMAS, Judge

Judge Wallace did not participate in the decision in this case.

---

[9] The Court recognized that "whether assistant district attorneys are pressured to work in political campaigns is a matter of interest to the community[.]" *Connick*, 461 U.S. at 149.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Markus J. Woodring,             :
                    Petitioner  :
                                :
        v.                      :    No. 218 C.D. 2019
                                :
Unemployment Compensation       :
Board of Review,                :
                    Respondent  :

# **O R D E R**

AND NOW, this 4th day of October, 2022, the Order of the Unemployment Compensation Board of Review, dated February 1, 2019, in the above-captioned matter is AFFIRMED.

_____
LORI A. DUMAS, Judge