George Balog, Petitioner *v.* McKeesport Area School District, Respondent.

Argued September 14, 1984, before Judges DOYLE, COLINS and PALLADINO, sitting as a panel of three.

*David M. O'Boyle,* with him, *Donald J. Balsley, Jr., Wick, Rich, Fluke & Streiff,* for petitioner.

*Lawrence J. O'Toole,* with him, *Robert P. Costello, Costello & O'Toole,* for respondent.

OPINION BY JUDGE COLINS, November 20, 1984:

George Balog (petitioner) appeals a final order of the Secretary of Education (Secretary) affirming the termination of petitioner's employment contract due to a finding of willful violation of school laws, immorality and persistent negligence.

Petitioner was employed by the McKeesport Area School District for fifteen years. Beginning as an instructor in vocational education, he received numerous promotions. At the time of his dismissal, petitioner held the position of Director of Vocational Education. Extensive hearings were held concerning the allegations,[1] and on June 10, 1981, the McKeesport Area School Board (Board) voted unanimously to terminate petitioner's employment.

The Board did not make specific findings, however, it found that there was ample evidence to support the dismissal of petitioner. The Board is not required to make findings of fact in cases involving the dismissal of tenured professional employees. *Penn-Delco School District v. Urso*, 33 Pa. Commonwealth Ct. 501, 382 A. 2d 162 (1978).

After reviewing the lengthy record, the Secretary affirmed the Board and made specific findings of fact. In matters involving the dismissal of a tenured professional employee where the Board makes no findings of fact, the Secretary can properly review the record and make his own findings. *Grant v. Board of School Directors, Centennial School District*, 43 Pa. Commonwealth Ct. 556, 403 A.2d 157 (1979). A mere review of the record is sufficient. The Secretary may hear additional testimony but is not required to do so. This provision is derived from Section 1131 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1131, and establishes the Secretary of Education as the ultimate fact finder in cases

---

[1] Twenty-eight charges involving persistent negligence, immorality, and willful violation of school laws were brought against petitioner. Hearings were held on February 17, 1981; March 3, 1981; March 10, 1981; April 4, 1981; April 25, 1981; May 13, 1981; May 16, 1981; May 19, 1981; and June 9, 1981. The record consisted of approximately 1,700 pages of testimony, depositions and exhibits.

where testimony is taken by the Secretary, or where, as here, no findings were made by the Board. Where the Secretary makes findings of fact, this Court must accept those findings if they are supported by competent evidence. *New Castle Area School District v. Bair*, 28 Pa. Commonwealth Ct. 240, 368 A.2d 345 (1977).

The Secretary found that there was substantial credible evidence that petitioner made false statements to the Superintendent and other district staff regarding his presence in an elementary school building;[2] that he did not attempt to have his duties and compensation defined and continued to apply for money not authorized under the terms of his contract;[3] that he used pressure on staff members to answer questions on an evaluation form contrary to what they believed; that he demeaned professional staff; that he used papers prepared by another staff member which he submitted as his own in courses which he took at the University of Pittsburgh in 1966-1968; and that he neglected his duties by failing to revise a teacher's schedule and by failing to perform or supervise assignments.[4]

Our review of a case where the Secretary has affirmed the dismissal of a teacher is limited to a determination of whether there was a violation of constitutional rights, an error of law, an abuse of discretion,

---

[2] At the time petitioner made the false statements, a burglary in that building was being investigated.

[3] Petitioner was paid for services as a guidance counselor and evening instructor from CETA funds and adult basic education funds.

[4] The Superintendent requested a revision of the teacher's schedule in order to avoid losing federal funding for that position. Petitioner did not comply and funds were lost. Also, petitioner never explained the late and inaccurate printing of athletic schedules and high school stationery.

or whether a necessary finding of fact was unsupported by substantial evidence. *Fink v. Board of Education of Warren County School District*, 65 Pa. Commonwealth Ct. 320, 442 A.2d 837 (1982).

Section 1122 of the Public School Code of 1949 provides that:

> [T]he only valid causes for termination of a contract heretofore or hereafter entered into with a professional employe shall be immorality, incompetency, intemperance, persistent negligence, mental derangement, advocation of or participating in un-American or subversive doctrines, persistent and wilful violation of the school laws of this Commonwealth on the part of the employe. . . .

The Pennsylvania Supreme Court in *Horosko v. Mt. Pleasant Township School District*, 335 Pa. 369, 372, 6 A.2d 866, 868, *cert. denied*, 308 U.S. 553 (1939), defined immorality in Section 1122 of the Code as "[a] course of conduct as offends the morals of the community and is a bad example to the youth whose ideals a teacher is supposed to foster and to elevate".

Immoral conduct may include lying. *Batrus' Appeal*, 148 Pa. Superior Ct. 587, 26 A.2d 121 (1942). *See also Flannery Appeal*, 406 Pa. 515, 178 A.2d 751 (1962). There is ample evidence to support the Secretary's finding that petitioner made false statements to district staff.

Furthermore, dismissal for persistent negligence is warranted when a teacher fails to comply with a directive of supervisors on numerous occasions. In fact, a single act, continued for a period of time, may support dismissal for persistent negligence. *Strinich v. Clairton School District*, 494 Pa. 297, 431 A.2d 267 (1981).

The Secretary did not commit an error of law, nor did he abuse his discretion. There is no evidence of a violation of due process or procedural error, and all the evidence taken as a whole is sufficient to support the Secretary's decision.

Therefore, we affirm.

ORDER

AND Now, November 20, 1984, the order of the Secretary of Education in the above-referenced matter, dated February 8, 1983, is hereby affirmed.