IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dr. Steven Greenfield,         :
        Petitioner       :
                            :
      v.                  :
                            :
Hanover Area School District,  :   No. 711 C.D. 2019
        Respondent    :   Argued: December 10, 2019

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON       FILED: May 12, 2020

Dr. Steven Greenfield (Greenfield) petitions for review from the May 14, 2019 order of the Secretary of Education (Secretary) dismissing Greenfield's appeal challenging the decision of the Hanover Area School Board (Board) to eliminate his position with the Hanover Area School District (District). When Greenfield sought a hearing before the Board to clarify whether he had been suspended or terminated, the District did not respond. Greenfield appealed to the Secretary, who concluded that the District had not terminated Greenfield's position, but had suspended Greenfield for economic reasons pursuant to the Public School Code of 1949 (Code),[1] and therefore, the Secretary lacked jurisdiction to adjudicate

_____

[1] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 1-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.

the matter. As Greenfield cannot be considered "suspended" under the Code, we reverse the order of the Secretary and remand to the Secretary for imposition of the remedy provided herein.

On August 6, 2009, the District employed Greenfield as a tenured professional employee and, at the time of his hire, Greenfield was the Director of Special Education and Director of Pupil Services. Secretary of Education, Opinion and Order dated May 14, 2019, Findings of Fact (F.F.) 1 & 3 & Conclusions of Law (C.L.).[2] Greenfield's duties included overseeing the guidance counselors, the school nurses, the truant officer, clerical staff, English language development, home instruction, home bound instruction, charter school students, and students with disabilities. F.F. 3. In the summer of 2017, Superintendent William Jones (Superintendent) divided Greenfield's position into two positions. F.F. 5. Greenfield retained his position as Director of Pupil Services and the District hired another employee, Shannon Bennet (Bennet), as Director of Special Education. F.F. 6-7.

On June 21, 2018, the Board, at a properly noticed meeting, voted to eliminate Greenfield's position as Director of Pupil Services effective July 1, 2018. F.F. 18. The next day, on June 22, 2018, the District notified Greenfield, in writing, that his position had been eliminated. F.F. 20. On June 27, 2018, Greenfield requested a hearing before the Board and sought clarification of whether he had been terminated or suspended. F.F. 25; Notes of Testimony (N.T.) dated 8/7/18 at 31-32. The District did not respond to his request for a hearing or his request for clarification

---

[2] The Secretary is the "ultimate fact-finder" in cases where testimony is taken by the Secretary, or where, as here, no findings were made by the Board. *Balog v. McKeesport Area Sch. Dist.*, 484 A.2d 198, 200 (Pa. Cmwlth. 1984). "Where the Secretary makes findings of fact, this Court must accept those findings if they are supported by competent evidence." *Id*. Greenfield does not challenge the Secretary's findings of fact.

as to whether he had been terminated or suspended. F.F. 26-27. By letter dated July 6, 2018, the District paid Greenfield for his unused sick days and his earned vacation days. F.F. 28.

On July 9, 2018, Greenfield filed a petition for appeal with the Secretary. F.F. 37. The Secretary appointed a hearing officer to hold a hearing on the matter. The hearing was held on August 7, 2018 at which Greenfield and the Superintendent testified. F.F. 39, 47 & 49; N.T. at 11-12. After the hearing, the Secretary found that the District's employment action involving Greenfield constituted a suspension because the District terminated Greenfield's position for economic reasons. F.F. 30, 33 & C.L. 4. Because the District did not terminate Greenfield, the Secretary concluded that he did not have jurisdiction to afford the relief sought by Greenfield, *i.e.*, reinstatement, because the remedy to challenge a suspension is an appeal to the court of common pleas pursuant to the Local Agency Law, 2 Pa.C.S. §§ 551-55 & 751-54. C.L. 5-6. Based on the foregoing, the Secretary dismissed Greenfield's appeal.[3] Secretary's Order dated 5/14/19. Greenfield filed a timely petition for review with this Court challenging the Secretary's order.

Before this Court,[4] Greenfield argues that the elimination of his position actually constituted a termination under Section 1122 of the Code, 24 P.S. § 11-1122, and, therefore, the Secretary had jurisdiction to consider his appeal. Greenfield's Brief at 10. Greenfield notes that the sole reason provided by the

---

[3] On July 20, 2018, Greenfield filed an appeal in the Court of Common Pleas of Luzerne County (No. 2018-08265), which has been stayed pending the outcome of his appeal with the Secretary. Petition for Review ¶¶ 15-17.

[4] Our review of the Secretary's order is limited to determining whether an error of law was committed, constitutional rights were violated, or necessary findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *McCoy v. Lincoln Intermediate Unit No. 12*, 391 A.2d 1119, 1121 (Pa. Cmwlth. 1978).

3

District for the elimination of his position was for "economic reasons that require a reduction in professional employees" as provided by Section 1124(a)(5) of the Code, 24 P.S. § 11-1124(a)(5). *Id.* While economic reasons can serve as a basis for a *suspension* of a professional employee under Section 1124(a)(5) of the Code, Greenfield asserts that a suspension can only occur if all of the statutory requirements are met. Greenfield argues that the District did not meet, let alone attempt to meet, the requirements for a suspension.[5] *Id.* Upon review, we agree.

The Secretary erred as a matter of law when he concluded that the District *suspended* Greenfield pursuant to Section 1124(a)(5) of the Code. *See* C.L. 4. Section 1124(a)(5) applies when the District is laying off a number of employees for economic reasons, not, as here, when the District *terminated* one professional employee. Before a District can lay off a number of employees for economic reasons, the District must first follow the process expressly provided in Section 1124(d) of the Code, 24 P.S. § 11-1124(d). Notably, the Secretary made findings establishing that the District did not follow the process, that is, meet the statutory requirements of Section 1124(d) of the Code. Given that the Secretary made specific findings that the District did not follow the process required for a suspension, his legal conclusion that Greenfield was suspended was incorrect. We now turn to the statutory language and address the Secretary's findings of fact in detail.

Section 1124 of the Code provides the causes for suspension of professional employees. 24 P.S. § 11-1124. Specifically, Section 1124(a) provides:

---

[5] Notably, as stated, Greenfield sought clarification as to whether the elimination of this job was a suspension or a termination. The Secretary rendered no finding as to whether the elimination of Greenfield's position was temporary or permanent.

(a) Any board of school directors *may suspend the necessary number of professional employes*, for any of the causes hereinafter enumerated:

(1) substantial decrease in pupil enrollment in the school district;

(2) curtailment or alteration of the educational program on recommendation of the superintendent and on concurrence by the board of school directors, as a result of substantial decline in class or course enrollments or to conform with standards of organization or educational activities required by law or recommended by the Department of Education;

(3) consolidation of schools, whether within a single district, through a merger of districts, or as a result of joint board agreements, when such consolidation makes it unnecessary to retain the full staff of professional employes;

(4) when new school districts are established as the result of reorganization of school districts pursuant to Article II[], subdivision (i) of this act, and when such reorganization makes it unnecessary to retain the full staff of professional employes; or

(5) *economic reasons that require a reduction in professional employes*.

24 P.S. § 11-1124(a) (emphasis added).[6]  Section 1124(a)(5) plainly states that a board may "suspend the *necessary number* of professional employes for . . . economic reasons that *require a reduction* in professional employes." 24 P.S. § 11-1124(a)(5) (emphasis added).  However, a board may suspend a number of employees on this basis only if *all of the requirements* of Section 1124(d), 24 P.S. § 11-1124(d), are first met.

Section 1124(d) provides:

---

[6] Section 1124 was amended by the General Assembly in 2017 to add several provisions relating to economic reasons for suspensions. *See* Section 5 of the Act of November 6, 2017, P.L. 1142; *see also* H.R. 178, 201st Gen. Assemb., Reg. Sess. (Pa. 2017-18). For the purposes of this matter, the General Assembly added subsections (a)(5) and (d) to Section 1124, 24 P.S. § 11-1124(a)(5) & (d).

A board of school directors may suspend professional employes pursuant to subsection (a)(5) [(for economic reasons that require a reduction in professional employes)] *only if all of the following apply*:

(1) The board of school directors approves the proposed suspensions by a majority vote of all school directors at a public meeting of the board of school directors.

(2) No later than sixty (60) days prior to the date of adoption of a final budget, the board of school directors has adopted a resolution of intent to suspend professional employes in the following fiscal year, which shall set forth the following:

(i) The economic conditions of the school district making the proposed suspensions necessary and how those economic conditions will be alleviated by the proposed suspensions, including:

(A) The total cost savings expected to result from the proposed suspensions.

(B) A description of other cost-saving actions taken by the board of school directors, if any.

(C) The projected expenditures of the school district for the following fiscal year with and without the proposed suspensions.

(D) The projected total revenues of the school district for the following fiscal year.

(ii) The number and percentage of employes to be suspended who are professional employes assigned to provide instruction directly to students.

(iii) The number and percentage of employes to be suspended who are administrative staff.

(iv) The number and percentage of employes to be suspended who are professional employes who are not assigned to provide instruction directly to students and who are not administrative staff.

(v) The impact of the proposed suspensions on academic programs to be offered to students following the proposed suspensions, as well as the impact on academic programs to be offered to students if the proposed suspensions are not undertaken, compared to the current school year, and the actions, if any, that will be taken to minimize the impact on student achievement.

24 P.S. § 11-1124(d) (emphasis added). Here, the Board did not meet, let alone attempt to meet, all of these requirements as evidenced by the Secretary's findings of fact.

The Secretary found that Greenfield "was *terminated* for economic reasons," F.F. 30, and then, inexplicitly, renders the legal conclusion that the District "*suspended* Greenfield for economic reasons." *See* C.L. 4 (emphasis added). Aside from the obvious problem that the Secretary's factual finding and legal conclusion are inconsistent, the Secretary attempts to support his legal conclusion that Greenfield was *suspended* by rendering findings on some, but not all, of the requirements of Section 1124(d). Because the Secretary failed to render findings on all of the Section 1124(d) requirements, the District's employment action could not, as a matter of law, be considered a *suspension* as the Secretary concluded.

Section 1124(d)(1) requires the Board to approve the "proposed suspensions by a majority vote of all school directors at a public meeting." 24 P.S.

7

§ 11-1124(d)(1). Here, the Secretary found that the Board did not approve "proposed suspensions" at its June 21, 2018 meeting. Rather, the Board voted to immediately eliminate Greenfield's position, which was the only position eliminated. F.F. 18 & 22. Second, Section 1124(d)(2) requires the Board to adopt "a resolution of intent to suspend professional employes in the following fiscal year" no later than 60 days "prior to the date of adoption of a final budget." 24 P.S. § 11-1124(d)(2). The "resolution of intent to suspend" must include the information listed in subsection (d)(2)(i)-(v), 24 P.S. § 11-1124(d)(2)(i)-(v). Here, the Secretary expressly found that "the Board *did not* adopt a resolution of intent to suspend professional employees in the following fiscal year . . . ." F.F. 32 (emphasis added). Because the Board did not approve proposed suspensions or adopt a resolution of intent as required by Section 1124(d), the Secretary erred as a matter of law when he concluded that the District suspended Greenfield for economic reasons pursuant to Section 1124(a)(5). *See* 24 P.S. § 1124(d) (providing that the "board of school directors may suspend professional employes pursuant to subsection (a)(5) *only if all* of the following apply. . . ") (emphasis added).

Despite the Board's failure to vote on proposed suspensions and to adopt a resolution of intent to suspend, thereby rendering Section 1124(a)(5) not applicable here, the Secretary further confused the issue by attempting to render findings on the items that the Board should have included in a resolution of intent to suspend. Specifically, the Secretary found that the Superintendent transferred teachers, hired new teachers at a lower rate of pay, relocated emotional support children, removed a business manager, switched products in the vending machines, and refinanced a bond and note, which involved cost-savings for the District. F.F. 12-17. 24 P.S. § 11-1124(d)(2)(i)(B) (requiring the resolution of intent to contain

8

"[a] description of other cost[]saving actions taken by the board . . . if any"). The Secretary made findings regarding the cost saving actions taken by the Superintendent and the savings incurred resulting from his actions but there was no finding showing that the Board considered the "total cost savings expected to result from the *proposed suspensions*." 24 P.S. § 11-1124(d)(2)(i)(A) (emphasis added). Likewise, there was no finding of the "projected expenditures" of the District for the "following fiscal year *with* and *without* the *proposed suspensions*." 24 P.S. § 11-1124(d)(2)(i)(C) (emphasis added). There was no finding on the "projected total revenues" of the District for the "*following* fiscal year." 24 P.S. § 11-1124(d)(2)(i)(D) (emphasis added). There was no finding as to the "impact of the *proposed suspensions*" on academic programs to be offered to students "following the *proposed suspensions*." 24 P.S. § 11-1124(d)(2)(v) (emphasis added).

The Secretary further found that there were "no suspensions" of professional employees assigned to provide instruction directly to students or administrative staff, F.F. 23-24, but these findings did not address the "number and percentage of employes *to be suspended* who are professional employes assigned to provide instruction directly to students" and "[t]he number and percentage of employes *to be suspended* who are administrative staff." 24 P.S. § 11-1124(d)(2)(ii) & (iii) (emphasis added). The Secretary found that Greenfield was a professional employee that did not provide instruction directly to students, F.F. 4, but this finding does not address "the number and percentage of employes *to be suspended* who are professional employes who are not assigned to provide instruction directly to students . . . ." 24 P.S. §11-1124(d)(2)(iv) (emphasis added).

Despite the Secretary's attempt to show that the Board considered the items necessary for a suspension, the Secretary could not make findings on all of

9

these factors because they support the Board's intent or proposal to *suspend* professional employees *in the future*. As our Supreme Court has stated, a suspension "contemplated in Section 1124 is in the nature of an impermanent separation, it is in reality simply a furlough, it is a laying-off, it is a *temporary discontinuance* until conditions readjust. Suspension under Section 1124 envisages a re-hiring." *Kaplan v. Sch. Dist. of Phila.*, 130 A.2d 672, 675 (Pa. 1957) (emphasis added).

To the contrary, here, the Secretary's findings support a legal conclusion that the District permanently *terminated* Greenfield from his position. The day after the Board voted, the District sent Greenfield a letter notifying him that his position was eliminated effective July 1, 2018. F.F. 18. Greenfield's position was the only position eliminated. F.F. 22. Greenfield was not offered a "right of recall." F.F. 21. Though Greenfield requested a hearing upon receipt of the letter, the District did not respond to his request for clarification as to whether it was a suspension or termination and did not respond to his request for a hearing. F.F. 25-27. By letter dated July 6, 2018, the District paid Greenfield for his remaining sick days and vacation days. F.F. 28. Through all of these actions, it is evident Greenfield was terminated.

The District asserts, however, that Section 1124 of the Code required the Board to follow the procedures in Section 1125.1 of the Code, 24 P.S. § 11-1125.1,[7] when it suspended Greenfield. District's Brief at 7. The District explains that the Secretary found that Greenfield was suspended pursuant to Section 1125.1, F.F. 33, and that "Greenfield <u>does</u> <u>not</u> <u>even</u> <u>address</u>" the Secretary's "factual finding." *Id*. at 8 (emphasis in original). The District further states that it "has never taken the position that its elimination of . . . Greenfield's position was a termination

_____

[7] Section 1125.1 of the Code was added by Section 3 of the Act of November 20, 1979, P.L. 465.

for 'just cause'"; rather, the elimination of his position was for "cost savings <u>only</u>." *Id.* at 9 (emphasis in original). Therefore, the District contends that the Secretary properly found that Greenfield was suspended pursuant to Section 1125.1 and properly declined to exercise jurisdiction over Greenfield's appeal. *Id.* Upon review, Sections 1124 and 1125.1 of the Code reveal the District's and Secretary's reliance on Section 1125.1 is misplaced.

Subsection (a.1)(1) of Section 1124 refers to the procedures in Section 1125.1 by providing:

> A school district may not use an employe's compensation in determining which professional employes to suspend, but *shall use the procedures in [S]ection 1125.1 to determine the order in which professional employes are suspended.*

24 P.S. § 1124(a.1)(1) (emphasis added). As plainly stated by Section 1124(a.1)(1), boards "shall use the procedures in section 1125.1 to determine the order in which professional employes are suspended." *Id.* Section 1125.1 directs boards to suspend professional employees based on the ratings given in their "two most recent annual performance evaluations" and if suspensions cannot be determined in this manner, to consider seniority as provided therein. 24 P.S. § 1125.1(a)-(c.1). "A decision to suspend *in accordance with this section* [(Section 1125.1)] *shall* be considered an adjudication within the meaning of the 'Local Agency Law.'" 24 P.S. § 1125.1(f) (emphasis added). Therefore, when a board renders its decision regarding the order in which it is suspending professional employees, this decision is an "adjudication" that invokes the procedures of the Local Agency Law.

Here, however, the Board never rendered an adjudication regarding the order of suspension for professional employees per Section 1124(a.1)(1) of the Code. As explained herein, the Board never proposed suspensions let alone rendered

11

an adjudication as to an order of suspensions. The Board simply voted to eliminate Greenfield's position, F.F. 18, and in so doing terminated Greenfield.[8] The Secretary erred when he concluded that the Local Agency Law applies to the present matter, *see* C.L. 5-6, and, therefore, the Secretary had jurisdiction to consider the Board's final action terminating Greenfield from his employment with the District.

Though the Secretary concluded that he did not have jurisdiction over this matter, the Secretary nevertheless found and concluded that Greenfield was "not terminated for good or just cause" pursuant to Section 1122 of the Code because the District "terminated" Greenfield for economic reasons. F.F. 29-30 & C.L. 3. Section 1122 of the Code provides the "*only* valid causes" for termination of a "professional employe" and economic reasons are not among them. 24 P.S. § 11-1122(a) (emphasis added).[9] Greenfield is, therefore, entitled to the remedies that he seeks, that is, reinstatement and back pay, without a break in service. *See Black v. Bd. of Dirs. of W. Chester Area Sch. Dist.*, 510 A.2d 912, 915-16 (Pa. Cmwlth. 1986) (concluding that the "relief requested by appellant, namely, reinstatement with back pay, is within the authority of the Secretary to so award"); *W. Shore Sch. Dist. v. Bowman*, 409 A.2d 474, 481 (Pa. Cmwlth. 1979) (stating that when a professional employee is discharged by a school board without the required notice of a hearing and opportunity to be heard, the employee is entitled to reinstatement) (citing

---

[8] Though the Superintendent made the business decision to retain Bennett based on her job performance and seniority, F.F. 10, the Board did not make this decision as part of a proposed suspension.

[9] The Code provides the procedures that a board is to follow *prior to* terminating a tenured professional employee. A board is to provide the employee with a "detailed written statement of the charges upon which [the employee's] proposed dismissal is based and shall conduct a hearing." Section 1127 of the Code, 24 P.S. § 11-1127. The parties agree that the Board had no cause upon which to terminate Greenfield, and, therefore, there is no need to remand this matter to the Board for a hearing for further fact-finding on this issue.

*McKelvey v. Colonial Sch. Dist.*, 385 A.2d 1040 (Pa. Cmwlth. 1978) & *McKelvey v. Colonial Sch. Dist.*, 348 A.2d 445 (Pa. Cmwlth. 1975)). For the foregoing reasons, we reverse the Secretary's decision to dismiss Greenfield's appeal and remand this matter to the Secretary to issue an order providing Greenfield with the relief to which he is entitled because the District terminated him without cause in violation of the Code.

_____
CHRISTINE FIZZANO CANNON, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Dr. Steven Greenfield,<br>Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Hanover Area School District,<br>Respondent | : | No. 711 C.D. 2019 |

## O R D E R

AND NOW, this 12th day of May, 2020, the May 14, 2019 order of the Secretary of Education dismissing Dr. Steven Greenfield's (Greenfield) appeal for lack of jurisdiction is REVERSED. We REMAND this matter to the Secretary of Education to issue an order providing the relief requested by Greenfield in accordance with the foregoing opinion.

Jurisdiction relinquished.

_____
CHRISTINE FIZZANO CANNON, Judge

Dr. Steven Greenfield, : 
                   :
              Petitioner : 
                   :
       v.              : No. 711 C.D. 2019
                   : Argued: December 10, 2019
Hanover Area School District, :
                   :
             Respondent :

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

DISSENTING OPINION
BY JUDGE WOJCIK                            FILED: May 12, 2020

I respectfully dissent.

The crux of the matter is whether Dr. Steven Greenfield (Dr. Greenfield) was "dismissed" within the meaning of Sections 1122 and 1127 of the Public School Code of 1949 (School Code),[1] or whether he was "suspended" within the meaning of Sections 1124, 1125 and 1125.1 of the School Code, 24 P.S. §§11-1124, 11-1125, 11-1125.1.[2] If Dr. Greenfield was dismissed, his appeal was properly before the Secretary of Education (Secretary) under Section 1131 of the School Code, 24 P.S. §11-1131. If, however, Dr. Greenfield was suspended, his

---

[1] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§11-1122, 11-1127.

[2] Section 1125.1 of the School Code was added by the Act of November 20, 1979, P.L. 465.

right to appeal would be governed not by the School Code but by the Local Agency Law.[3]  Section 1125.1(f) of the School Code, 24 P.S. §11-1125.1(f); *see, e.g.*, *Fatscher v. Board of School Directors, Springfield School District*, 367 A.2d 1130, 1132 (Pa. Cmwlth. 1977).  The Secretary of Education has no jurisdiction over appeals under the Local Agency Law because jurisdiction is vested in the court of common pleas.  2 Pa. C.S. §752; 42 Pa. C.S. §933(a)(2).  For the reasons that follow, I believe the Secretary did not have jurisdiction because substantial evidence supports the Secretary's finding that Dr. Greenfield was suspended, not terminated, from his employment.

Section 1101(1) of the School Code provides that the term "professional employe" shall include:

> those who are certificated as teachers, supervisors, supervising principals, principals, assistant principals, vice-principals, directors of career and technical education, dental hygienists, visiting teachers, home and school visitors, school counselors, child nutrition program specialists, school librarians, school secretaries the selection of whom is on the basis of merit as determined by eligibility lists and school nurses.

24 P.S. §11-1101(1).  A tenured professional employee has a property interest in continued employment.  *Vladimirsky v. School District of Philadelphia*, 144 A.3d 986, 996 (Pa. Cmwlth. 2016), *appeal denied*, 165 A.3d 887 (Pa. 2017).

A professional employee may be dismissed only for those reasons set forth in Section 1122(a) of the School Code, 24 P.S. §11-1122(a).[4]  As the majority

---

[3] 2 Pa. C.S. §§551-555, 751-754.

[4] Pursuant to Section 1122(a) of the School Code:

> The only valid causes for termination of a contract heretofore or hereafter entered into with a professional employe shall be

**(Footnote continued on next page…)**

correctly notes, those reasons do not include economic reasons.  24 P.S. §11-1122(a).

Section 1127 of the School Code governs the procedure school districts must follow in discharging tenured professional employees, providing:

> Before any professional employe having attained a status of permanent tenure is dismissed by the board of school directors, such board of school directors shall furnish

**(continued…)**

> immorality; incompetency; unsatisfactory teaching performance based on two (2) consecutive ratings of the employe's teaching performance that are to include classroom observations, not less than four (4) months apart, in which the employe's teaching performance is rated as unsatisfactory; intemperance; cruelty; persistent negligence in the performance of duties; wilful neglect of duties; physical or mental disability as documented by competent medical evidence, which after reasonable accommodation of such disability as required by law substantially interferes with the employe's ability to perform the essential functions of his employment; advocation of or participating in un-American or subversive doctrines; conviction of a felony or acceptance of a guilty plea or nolo contendere therefor; persistent and wilful violation of or failure to comply with school laws of this Commonwealth, including official directives and established policy of the board of directors; on the part of the professional employe: Provided, That boards of school directors may terminate the service of any professional employe who has attained to the age of sixty-two except a professional employe who is a member of the old age and survivors insurance system pursuant to the provisions of the act, approved the first day of June, one thousand nine hundred fifty-six (Pamphlet Laws 1973). In such case the board may terminate the service of any such professional employe at the age of sixty-five or at the age at which the employe becomes eligible to receive full benefits under the Federal Social Security Act.

24 P.S. §11-1122(a).

such professional employe with a detailed written statement of the charges upon which his or her proposed dismissal is based and shall conduct a hearing. A written notice signed by the president and attested by the secretary of the board of school directors shall be forwarded by registered mail to the professional employe setting forth the time and place when and where such professional employe will be given an opportunity to be heard either in person or by counsel, or both, before the board of school directors and setting forth a detailed statement of the charges. Such hearing shall not be sooner than ten (10) days nor later than fifteen (15) days after such written notice. At such hearing all testimony offered, including that of complainants and their witnesses, as well as that of the accused professional employe and his or her witnesses, shall be recorded by a competent disinterested public stenographer whose services shall be furnished by the school district at its expense. Any such hearing may be postponed, continued or adjourned.

24 P.S. §11-1127. The statutory procedures for dismissal must be strictly followed; no material deviation therefrom is permissible. *Department of Education v. Oxford Area School District*, 356 A.2d 857, 860 (Pa. Cmwlth. 1976). A deviation from these procedures constitutes a denial of due process. *Vladimirsky*, 144 A.3d at 994.

On the other hand, Section 1124(a)(5) of the School Code governs suspensions of professional employees and enumerates the only reasons for non-disciplinary removal of a professional employee, which includes "economic reasons that require a reduction in professional employes." 24 P.S. §11-1124(a)(5). A suspension under Section 1124 "is in the nature of an impermanent separation, it is in reality simply a furlough, it is a laying-off, it is a temporary discontinuance until conditions readjust. Suspension under Section 1124 envisages

a re-hiring." *Kaplan v. School District of Philadelphia*, 130 A.2d 672, 675 (Pa. 1957).

A board of school directors may suspend professional employees pursuant to subsection (a)(5) only if *all* of the following apply:

> (1) The board of school directors approves the proposed suspensions by a majority vote of all school directors at a public meeting of the board of school directors.
>
> (2) No later than sixty (60) days prior to the date of adoption of a final budget, the board of school directors has adopted a resolution of intent to suspend professional employes in the following fiscal year, which shall set forth the following:
>> (i) The economic conditions of the school district making the proposed suspensions necessary and how those economic conditions will be alleviated by the proposed suspensions, including:
>>
>>> (A) The total cost savings expected to result from the proposed suspensions.
>>>
>>> (B) A description of other cost-saving actions taken by the board of school directors, if any.
>>>
>>> (C) The projected expenditures of the school district for the following fiscal year with and without the proposed suspensions.
>>>
>>> (D) The projected total revenues of the school district for the following fiscal year.
>>
>> (ii) The number and percentage of employes to be suspended who are professional employes assigned to provide instruction directly to students.
>>
>> (iii) The number and percentage of employes to be suspended who are administrative staff.

(iv) The number and percentage of employes to be suspended who are professional employes who are not assigned to provide instruction directly to students and who are not administrative staff.

(v) The impact of the proposed suspensions on academic programs to be offered to students following the proposed suspensions, as well as the impact on academic programs to be offered to students if the proposed suspensions are not undertaken, compared to the current school year, and the actions, if any, that will be taken to minimize the impact on student achievement.

24 P.S. §11-1124(d). "[T]he suspension of a professional public school employee can be upheld only if it conforms to the requirements of Section 1124 of the School Code, 24 P.S. §11-1124." *Cadonic v. Northern Area Special Purpose Schools*, 426 A.2d 186, 189 (Pa. Cmwlth. 1981).

Here, there is no dispute that Dr. Greenfield is a tenured professional employee under the School Code. The Secretary found that the Hanover Area School District (District) eliminated Dr. Greenfield's position for "economic reasons." Secretary's Opinion and Order, 5/14/19, Finding of Fact No. 30; Reproduced Record (R.R.) at 128a. This finding is supported by substantial evidence. The Superintendent testified that the elimination of Dr. Greenfield's position was for "cost savings" only. R.R. at 113a, 128a. The Superintendent took other cost savings measures, including placing some teachers in a federally-funded program; transferring other teachers, a therapist, and emotional support students to save money; removing the business manager; and refinancing a bond and note, all of which resulted in substantial savings to the District. R.R. at 113a-16a. A majority of the board of school directors approved the elimination of Dr. Greenfield's position at a public meeting of the board. R.R. at 117a. The Superintendent testified that Dr. Greenfield's position was eliminated because it

was "no longer required"; Dr. Greenfield was not dismissed because of his performance. R.R. at 119a, 123a. There is absolutely no evidence that Dr. Greenfield was fired for just cause or that an improper motive played a role.

Dr. Greenfield argues that it is not a suspension because the District failed to comply with the substantive and procedural requirements of suspension set forth in Section 1124(d) of the School Code. Namely, the board did not adopt a resolution of intent; the District never offered Dr. Greenfield a right of recall; and the District did not apply the seniority criteria mandated by Section 1125.1 of the School Code. However, the District's failure to comply with any of the suspension criteria does not, in and of itself, turn a noncompliant suspension into a just cause termination.

Because the Secretary's finding that the District eliminated Dr. Greenfield's position based on financial reasons is supported by substantial evidence, and absent other evidence that would indicate a termination for just cause or improper motives, the Secretary properly concluded that the District suspended Dr. Greenfield. Consequently, jurisdiction to review the suspension, including whether the District satisfied the statutory requirements for suspension and whether the suspension can be upheld, is vested in the court of common pleas. *See* 24 P.S. §11-1125.1(f); Section 752 of the Local Agency Law, 2 Pa. C.S. §752; Section 933(a)(2) of the Judicial Code, 42 Pa. C.S. §933(a)(2). On this basis, the Secretary did not err in dismissing Dr. Greenfield's appeal for lack of jurisdiction. Accordingly, I would affirm.

_____
MICHAEL H. WOJCIK, Judge

MHW - 7